# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | **JUDGE RICHARD L. SPEER** |
| Anthony L. Gruber | ) | |
| | ) | Case No. 10-3028 |
| Debtor(s) | ) | |
| | ) | (Related Case: 09-37501) |
| Christie L. Reissig, et al. | ) | |
| Plaintiff(s) | ) | |
| v. | ) | |
| Anthony L. Gruber | ) | |
| Defendant(s) | ) | |

## DECISION AND ORDER

This cause comes before the Court on the Motion of the Plaintiff, Christie L. Reissig, for Summary Judgment. (Doc. No. 13). Said motion is brought on the Plaintiff's Complaint to Determine the Dischargeability of attorney fees awarded to her in a matter involving the adjudication of parental rights and responsibilities. As the statutory basis for her action, the Plaintiff cites to 11 U.S.C. § 523(a)(5). (Doc. No. 2).

The Debtor-Defendant, former spouse of the Plaintiff, filed a response to the Motion, objecting to Summary Judgment. (Doc. No. 15). In support of their respective positions, each of the Parties submitted written arguments. The Court now has had the opportunity to review all of the arguments of counsel and exhibits, as well as the entire record of the case. Based upon that review,

Christie L. Reissig, et al. v. Anthony L. Gruber
Case No. 10-3028

and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be Granted.

## FACTS

On July 20, 2002, the Parties were married. The Plaintiff, Christie L. Reissig and the Debtor-Defendant, Anthony L. Gruber, (hereinafter the Parties will be referred to respectively as the "Plaintiff" and the "Defendant") entered the marriage with one minor child and two additional children were born as issue of the marriage.

On October 16, 2006, a state court of domestic relations entered a judgment entry for divorce, terminating the marriage between the Parties. During the divorce proceedings, the Parties entered into a shared parenting plan. Approximately a year after the divorce was finalized, the Defendant filed a number of motions including a motion to modify child support and a motion to modify the Parties' shared parenting plan. The Plaintiff responded by filing a motion for the reallocation of parental rights and responsibilities. Prior to the commencement of a hearing set on these matters, the Debtor-Defendant dismissed all of his pending motions, with the exception of his motion to modify child support. The Plaintiff proceeded with her motion.

After the Hearing, the Domestic Relations Court found in favor of the Plaintiff, determining that it was in the best interest of the children that the shared parenting plan, as currently in place, be terminated and that the Plaintiff be named sole custodial and residential parent of the Parties' three minor children. The Domestic Relations Court further ordered the Debtor-Defendant to pay the sum of $5,411.25 as and for the attorney fees the Plaintiff incurred during the litigation. In awarding the attorney fees, the Domestic Relations Court stated, "Said grant of attorney fees is in light of unrefuted threats of [the Defendant, Anthony L. Gruber,] to outspend the [Plaintiff, Christie L. Reissig,] in this matter in an effort to cause [Plaintiff] to dismiss her action." (Doc. No. 1, Ex.1).

Page 2

## DISCUSSION

This matter is before the Court on the Plaintiff's Complaint to Determine Dischargeability. Matters concerning the dischargeability of particular debts are deemed to be core proceedings pursuant to 28 U.S.C. § 157(b)(2)(I). And, as a core proceeding, this Court has been conferred with the jurisdictional authority to enter final orders in this matter. 28 U.S.C. § 157(b)(1).

The matter of dischargeability is procedurally before this Court on the Plaintiff's Motion for Summary Judgment. Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056, sets forth the standard for a summary judgment motion and provides, in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. V. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the movant must demonstrate all the elements of his cause of action. *R.E. Cruise Inc. V. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-88, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The party moving for a finding of nondischargeability bears the burden to establish the applicable grounds by a preponderance of the evidence. *Meyers v. Internal Revenue Service (In re Meyers)*, 196 F.3d 622, 624 (6th Cir.1999).

In a Chapter 7 Bankruptcy, a debtor, in return for the liquidation of their nonexempt assets, seeks an immediate discharge of his or her debt. There are certain debts in bankruptcy, however, which are nondischargeable. In this matter, the Plaintiff seeks a determination that the $5,411.25 attorney-fee obligation the Defendant was ordered to pay by the Domestic Relations Court is a nondischargeable debt pursuant to 11 U.S.C. § 523(a)(5).

Christie L. Reissig, et al. v. Anthony L. Gruber
Case No. 10-3028

>Section 523(a)(5) provides, in relevant part, that:
>
>(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
>(5) for a domestic support obligation[.]

As set forth in § 523(a)(5), the term "a domestic support obligation" is defined under 11 U.S.C. § 101 of the Bankruptcy Code, in relevant part, as:

>(14A) . . . a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is–
>
>(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated[.]

The controversy in this proceeding concerns whether the Defendant's obligation to pay the Plaintiff's attorney fees qualifies as an obligation actually "in the nature of support" for purposes of §101(14A)(B).

On this issue, precedent supports the Plaintiff's position that an award of attorney fees made in connection with an order entered in a domestic matter constitutes an obligation in "the nature of support." First, this Court has consistently held that awards of attorney fees made in connection with divorce proceedings are in the nature of support, and thus are nondischargeable debts for purposes of § 523(a)(5). *In re Sigworth*, 60 B.R 137 (Bankr. N.D.Ohio 1986); *In re Conrad*, 33 B.R. 601 (Bankr. N.D.Ohio 1983); *In re Brace*, 13 B.R. 551 (Bankr. N.D.Ohio 1981). Other courts have generally reached this same conclusion. *Macy v. Macy*, 114 F.3d 1, 2-3 (1st Cir. 1997) (holding that attorney fees incurred to enforce support-related orders are non-dischargeable); *see also Weems v.*

Page 4

Christie L. Reissig, et al. v. Anthony L. Gruber
Case No. 10-3028

*Cavaluzzi (In re Cavaluzzi)*, 364 B.R. 363, 365 (Bankr. E.D. Mo. 2007); *Moore v. Strickland (In re Strickland)*, 350 B.R. 158, 162 (Bankr. D. Del. 2006); *Beggs v. Niewdach (In re Beggs)*, 314 B.R. 401, 415 (Bankr. E.D.Ark. 2004); *Goans v. Goans (In re Goans)*, 271 B.R. 528, 534 (Bankr. E.D. Mich. 2001).

In response, the Defendant relies on a particular facet of state law, here Ohio law. Specifically, the Defendant cites to O.R.C. §§ 3121.44-45.[1] Together, these Ohio statutes require that any payments made on account of a court order for child support must be escrowed through a child support enforcement agency. Otherwise, the payments are not recognized as child support and are instead deemed to be a gift.

---

[1]

Ohio Revised Code § 3121.44 first sets forth:

> On issuing or modifying a support order, issuing any withholding or deduction notice described in section 3121.03 of the Revised Code, or issuing an order described in division (C) or (D) of that section, the court or child support enforcement agency shall require that support payments be made to the office of child support in the department of job and family services as trustee for remittance to the person entitled to receive payments, except as otherwise provided in sections 2151.49, 3113.07, and 3125.27 to 3125.30 of the Revised Code.

Ohio Revised Code § 3121.45 then provides:

> Any payment of money by the person responsible for the support payments under a support order to the person entitled to receive the support payments that is not made to the office of child support, or to the child support enforcement agency administering the support order under sections 3125.27 to 3125.30 of the Revised Code, shall not be considered a payment of support under the support order and, unless the payment is made to discharge an obligation other than support, shall be deemed to be a gift.

Page 5

Christie L. Reissig, et al. v. Anthony L. Gruber
Case No. 10-3028

For purposes of the Defendant's argument, it can be assumed that his obligation to pay attorney fees will not be paid through a child support enforcement agency. Thus, the Defendant would appear to be correct that any payments made by him to the Plaintiff for attorney fees would not qualify as child support within the meaning of O.R.C. §§ 3121.44-45. Notwithstanding, the classification afforded to payments by O.R.C. §§ 3121.44-45 is not determinative.

In this respect, the overall issue before the Court is whether the Defendant's obligation to pay attorney fees is a "domestic support obligation," under § 523(a)(5), a determination which is made in accordance with federal bankruptcy law, not state law. *Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1107 (6th Cir. 1983); *In re Hoover*, 14 B.R. 592 (Banrk. N.D.Ohio 1981). And for this purpose, the label attached to an obligation by state law, while relevant, is not necessarily controlling. Instead, under bankruptcy law, in determining whether an obligation is actually in the nature of support, substance controls. *See Brody v. Brody (In re Brody)*, 3 F.3d 35, 38 (2nd Cir.1993) (for purpose of § 523(a)(5), the label attached to a payment is not dispositive; the court must look to the substance, and not merely the form, of the payments).

For this case, when looking at the substance of the attorney fees awarded to the Plaintiff, a couple of characteristics of the award come to the forefront. First, the attorney fees were awarded in a proceeding concerning the health and welfare of the Parties' children. As such, it is impractical to sever the award of attorney fees from the needs of the children. Under similar circumstances, this was the conclusion reached by the Fifth Circuit Court of Appeals in two different cases this Court finds to be persuasive.

First, in *In re Dvorak*, the Fifth Circuit held that court-ordered attorney fees incurred during a post-divorce custody dispute to be non-dischargeable under § 523(a)(5). 986 F.2d 940, 941 (5th Cir. 1993). For this decision, the court reasoned that the custody hearing was for the child's "benefit and support, as the purpose of the hearing was to determine who could provide the best home for her."

Page 6

Christie L. Reissig, et al. v. Anthony L. Gruber
Case No. 10-3028

*Id.* at 941. Similarly, in the case of *In re Hudson*, the court, in coming to the same result, reasoned that "because the ultimate purpose of such a proceeding is to provide support for the child, the attorney fees incurred inure to her benefit and support, and therefore fall under the exception to dischargeability set out in § 523(a)(5)." 107 F.3d 355, 357 (5th Cir. 1997).

In addition, as a matter of substance, it cannot be ignored that the award of attorney fees made by the state court was done for the express purpose of compensating the Plaintiff for the Defendant's improper litigation tactics. These tactics forced the Plaintiff, the residential parent of the Parties' children, to expend resources unnecessarily – resources which would have undoubtably gone to support the children. The award, thus, has the effect of providing the Parties' children with necessary support.

Accordingly, for these reasons, the Court finds that, for purposes of § 101(14A), the attorney fees at issue in this matter are in the nature of support. Consequently, the obligation qualifies as "a domestic support obligation" within the meaning of § 523(a)(5). On this basis, therefore, the Defendant's obligation to pay the Plaintiff's attorney fee constitutes a nondischargeable debt.

However, even if this Court were inclined to adopt the Defendant's position, regarding O.R.C. §§ 3121.44-45 and their relationship to § 523(a)(5), the ultimate outcome would still be the same. This is because the Defendant's obligation to pay attorney fees, even if it did not qualify as a nondischargeable debt under § 523(a)(5), would nevertheless fall within the scope of a nondischargeable debt under § 523(a)(15). This provision operates to except from discharge domestic obligations not otherwise falling within the scope of § 523(a)(5) by providing:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

Page 7

Christie L. Reissig, et al. v. Anthony L. Gruber
Case No. 10-3028

> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit[.]

Based upon its statutory language, a debt will be excepted from discharge under § 523(a)(15) when these three elements are met: (1) the debt in question is to a spouse, former spouse or child of the debtor; (2) the debt is not a support obligation of the type described in § 523(a)(5); and (3) the obligation was incurred during the course or in connection with a separation agreement, divorce decree or other order of a court of record. *In re Williams*, 398 B.R. 464, 468 (Bankr. N.D.Ohio 2008). All these elements are satisfied.

In compliance with the first element, there is no question that the Parties are former husband and wife. Second, the Court, by undertaking this analysis, has assumed that the second element is satisfied. Finally, as to the third element, the award of attorney fees was made in a post-divorce proceeding, thus qualifying the award as a debt incurred "in connection" with the Parties' divorce decree.

In summation, even when viewing all the facts in a light most favorable to the Defendant, the attorney-fee obligation at issue in this case qualifies as a nondischargeable debt under either § 523(a)(5) or § 523(a)(15). Accordingly, this obligation is not subject to the order of discharge entered in this case. In reaching the conclusions found herein, the Court has considered all of the exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 8

Christie L. Reissig, et al. v. Anthony L. Gruber
Case No. 10-3028

Accordingly, it is

**ORDERED** that Motion for Summary Judgment filed by the the Plaintiff, Christie L. Reissig, be, and is hereby, GRANTED.

***IT IS FURTHER ORDERED*** that the obligation of the Debtor-Defendant, Anthony Gruber, to pay attorney fees to the Plaintiff, Christie Reissig, in accordance with the judgment entered January 28, 2009, in the Ottawa County Court of Common Pleas, be, and is hereby determined to be a NONDISCHARGEABLE DEBT pursuant to 11 U.S.C § 523(a)(5) and/or 11 U.S.C. § 523(a)(15).

Dated: July 12, 2010

///signature///
Richard L. Speer
United States
Bankruptcy Judge

Page 9

# *CERTIFICATE OF SERVICE*

Copies were mailed this 12th day of July, 2010, to the following parties:

Nicole Yvonne Fech
844 N Cline Ave
Second Floor South
Griffith, IN 46319

Christie L. Reissig
299 Westfield Dr
Erie, MI 48133

Matthew N. Fech
Law Office of Matthew N. Fech
844 N Cline Ave
Second Floor South
Griffith, IN 46319

Anthony L. Gruber
1210 1/2 Main St.
Genoa, OH 43430-9726

John A Brikmanis
139 E Water St
Oak Harbor, OH 43449

Office of the U.S. Trustee
201 Superior Ave, E, #441
Cleveland, OH 44114


/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court